UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA BARKER, an individual, on behalf of herself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>KAPSCH TRAFFICCOM USA, INC., and GILA, LLC,<br><br>  Defendants. | Case No.  1:19-CV-987 |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

Defendants Gila, LLC ("Gila") and Kapsch Trafficcom USA, Inc. ("Kapsch," and together with Gila, "Defendants") hereby remove this case from the Marion Superior Court for the State of Indiana (case number 49D13-1902-CT-004569) to this Court. The factual and legal grounds supporting this Notice of Removal are described below.

1. The Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453, provides this Court with original jurisdiction over this case and permits Defendants to remove the action to this Court. CAFA provides that federal district courts shall have original jurisdiction over class actions where the number of proposed class members is 100 or greater, any member of the putative class of plaintiffs is a citizen of a state different from that of any defendant, and the aggregate amount in controversy for all putative class members exceeds $5,000,000 (exclusive of interest and costs). 28 U.S.C. § 1332(d)(2). These jurisdictional requirements are satisfied in this action.[1]

---

[1] Defendants do not agree that Plaintiff's purported class can or should be certified or that Plaintiff's claims are subject to class treatment in any form, and Defendants reserve all objections

**Plaintiff's Putative Class Contains More Than 100 Members**

2. Plaintiff Melissa Barker filed her "Class Action Complaint" on February 4, 2019. Plaintiff seeks to represent a class of people under Indiana Trial Rule 23 (similar to Rule 23 of the Federal Rules of Civil Procedure), and defines the putative class as follows:

> All individuals who were assessed, charged, invoiced, requested to pay, or did in fact pay an administrative fee or penalty, relating to tolls assessed to that individual for use of the RiverLink Toll Bridges, without first being provided notice of any unpaid toll via a 1st Toll Notice. Excluded from the Class are Defendant(s) and their officers, directors and employees.

(Compl. ¶ 30.)

3. Defendants deny that Plaintiff has any viable claim, has properly asserted any cause of action, or that Plaintiff can maintain any claim on behalf of the referenced class. Nevertheless, Plaintiff has alleged that "the proposed Class contains hundreds or even thousands of motorists." (*Id*. ¶ 31.) Defendants are entitled to rely on this estimate. *Sabrina Roppo v. Travelers Commercial Ins. Co*., 869 F.3d 568, 582 (7th Cir. 2017). Thus, CAFA's requirement of at least 100 putative class members is satisfied.

**There Is Minimal Diversity**

4. Plaintiff is a citizen of the State of Indiana. (Compl. ¶ 1.)

5. Gila is a Texas limited liability company with its principal place of business in Texas. (Compl. ¶ 3.)

6. Kapsch is a Delaware corporation with its principal place of business in Virginia. (Compl. ¶ 2.) For purposes of removal, citizenship of a corporation is based on the state under whose laws the entity was organized or where its principal place of business is located. *See* 28

---

to and arguments against such certification and/or treatment, and will present such objections and arguments at the appropriate juncture in this matter.

U.S.C. § 1332(c)(1). Accordingly, Kapsch is a citizen of Delaware and Virginia, and is diverse from the named Plaintiff. The requirement of minimal diversity under the CAFA is therefore satisfied. 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action [which] is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant.").

### The Amount In Controversy Exceeds $5,000,000

7. In order to establish subject matter jurisdiction under the CAFA, "the matter in controversy" needs to exceed "the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). And, pursuant to 28 U.S.C. § 1332(d)(6), "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

8. In assessing the amount in controversy, courts consider what the stakes are given the plaintiff's demands in the complaint. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985 (7th Cir. 2008).

9. Here, the Complaint does not precisely specify the amount of purported damages Plaintiff seeks to recover. And where a complaint does not specify the amount of the alleged damages, the removing defendant need only show by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

10. This does not require that the removing defendant concede liability or prove the amount of damages plaintiff is *likely* to recover. Rather, the amount in controversy is simply derived from estimates of the total amount in dispute; it is not a prospective assessment of defendant's liability. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Sabrina Roppo*, 869 F.3d at 579.

11. This "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 762 (7th Cir. 2011). Defendants are entitled to rely on "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" under the CAFA. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014); *see also Viking, Inc. v. NBD Int'l, Inc.*, No. 1:16-CV-25, 2016 WL 4698240, at *3 (N.D. Ind. Sept. 8, 2016).

12. Here, Defendants expressly deny Plaintiff's allegations and deny that Plaintiff or any putative class members have any claim against them, or are entitled to any damages or other forms of the requested relief. Nonetheless, the allegations in the Complaint establish that the $5,000,0000 CAFA threshold is satisfied.

13. Plaintiff is a driver who crossed bridges over the Ohio River that connect Kentucky and Southern Indiana. (Compl. ¶¶ 7, 20, 21.) Plaintiff alleges that these bridges utilize the all-electronic tolling system known as RiverLink, which is not equipped with tolling booths. (*Id.* ¶¶ 7-8.)

14. The RiverLink system encourages drivers to install transponders that are read by sensors, and toll charges are automatically deducted from motorists' prepaid accounts. (*Id.* ¶ 9.) Drivers with transponders and pre-registered RiverLink accounts pay the lowest toll fees. (*Id.*)

15. For drivers without a transponder or a prepaid RiverLink account, or without sufficient balances on their accounts, cameras capture license plates for the vehicle and mail an original toll notice to the registered owner of the vehicle (the "1st Toll Notice"). (*Id.* ¶ 10.) By law, the 1st Toll Notice cannot include any administrative fines or penalties. (*Id.* ¶ 11.)

16. If the 1st Toll Notice is not paid within 30 days, the Complaint describes a series of escalating fees and penalties. If a motorist does not pay the 1st Toll Notice within 30 days, a second notice is generated assessing a $5.00 administrative fee/penalty ("2nd Toll Notice"). (*Id.* ¶ 12.) If

the 2nd Toll Notice is not paid within 30 days, a third, "Violation Notice" is generated that includes an additional $25.00 violation penalty/fee. (*Id*. ¶ 13.) If a Violation Notice is not paid within 30 days, a "Collection Notice" is generated that, in addition to all other fees, includes a $30.00 collection penalty/fee. (*Id*. ¶ 14.) After that, the account is referred to collections where additional fees can be assessed. (*Id*. ¶ 15.)

17. The Complaint alleges that Defendants were responsible for and implemented the toll invoicing system for RiverLink and that they "began to assess and invoice tolls or motorists using the Toll Bridges beginning on December 30, 2016 and through the present date." (*Id*. ¶¶ 18-19.) Thus, the alleged timeframe included within the claims spans more than two years.

18. The crux of each of Plaintiff's causes of action is her claim that she (and the putative class members) was not mailed the 1st Notice of their original toll charges, and therefore was precluded from avoiding the $5 fee/penalty and the escalating set of penalties thereafter. (*Id*. ¶¶ 20-24.)

19. Plaintiff brings her case on behalf of a putative class consisting of all individuals "who were assessed, charged, invoiced, requested to pay, or did in fact pay an administrative fee or penalty, relating to tolls assessed to that individual for use of the RiverLink Toll Bridges, without first being provided notice of any unpaid toll via a 1st Toll Notice." (*Id*. ¶ 30.)

20. Although the Complaint does not identify the exact number of penalties or crossings at issue, RiverLink's website shows that there were 32.3 million crossings in 2018 alone.[2] Of these 32.3 million crossings, **12.6 million** crossings in 2018 were without transponders. (*Id.*)

---

[2] *See* https://riverlink.com/2019/02/06/more-growth-and-improvements-in-second-year-of-tolling/. The RiverLink Toll project is undertaken jointly by the State of Indiana and Commonwealth of Kentucky, and is authorized by the Federal Highway Administration. *See* https://riverlink.com/wp-content/uploads/2018/01/TB-2013-1.pdf. This Court may take judicial notice of information on government-funded program websites. *Denius v. Dunlap*, 330 F.3d 919,

21. According to the Complaint, all crossings without transponders—i.e., 12.6 million crossings in year 2018—were supposed to generate the 1st Toll Notice. (Compl. ¶ 10.) Plaintiff further alleges that "Defendants *routinely* did not send motorists 1st Toll Notices after they crossed the Toll Bridges. Instead, they inappropriately sent 2nd Toll Notices, Violation Notices, or Collection Notices." (*Id.* ¶ 25 (emphasis added).) Plaintiff also alleges that Defendants' failure to send 1st Toll Notices is "widespread," "uniform" and, moreover, has occurred from the beginning and is ongoing and continuing to the present. (Compl. ¶¶ 26, 28 (seeking, among other things, to "halt" the alleged conduct), 33 and 37 (seeking injunction, alleging Defendants are continuing "to commit violations alleged" against "members of the Class and the general public.").) Plaintiff's assertions, "when deciding whether a claim meets the minimum amount in controversy, . . . must be respected." *Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997).

22. Applying even the lowest fee/penalty alleged by Plaintiff ($5.00), to the publicly reported numbers of crossings by motorists without transponders ($12.6 million in just 2018 alone, not even taking into account a substantial additional number of crossings by drivers with transponders who did not have adequate balances) plainly reflects that the amount in controversy readily exceeds CAFA's $5 million threshold.

23. Moreover, Plaintiff has also requested treble damages as a component of relief for the putative class claims (in connection with the asserted misrepresentation and Indiana Deceptive Consumer Sales Act ("IDCSA") claims). (Compl. ¶¶ 60-61, 70.) Such requests for treble damages under Sections 24-5-0.5-4 and 34-24-3-1 of the Indiana Code are also counted when estimating

---

926 (7th Cir. 2003) (taking judicial notice of information from federally-funded program's website); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 931 (S.D. Ill. 2006) (taking judicial notice of information on www.cyberdriveillinois.com cited in removal notice).

the amount in controversy for purposes of removal. *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005) (relying on treble damages under the Telephone Consumer Protection Act in reaching the $5 million CAFA threshold); *Pekin Ins. Co. v. Veteran Constr. Co., Inc*., No. 113CV00147RLYDML, 2013 WL 12291878, at *1 (S.D. Ind. July 29, 2013) (relying in part on treble damages in connection with a fraud claim under the Indiana Code § 34-24-3-1 in calculating amount in controversy); *W. Bend Elevator, Inc. v. Rhone-Poulenc S.A*., 140 F. Supp. 2d 963, 968 (E.D. Wis. 2000) (taking into account statutory treble damages in calculating amount in controversy); *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 139 (D.D.C. 2015) (relying on trebled damage calculation to meet CAFA damage threshold).

24. Plaintiff has also requested punitive damages and attorney's fees (in connection with her fraud, negligence and IDCSA claims (Counts III-VII & Prayer for Relief, E-G)), which likewise are included in estimating the amount in controversy on removal. *See Keeling v. Esurance Ins. Co*., 660 F.3d 273, 2011 WL 4448578 (7th Cir. Sept. 26, 2011) (upholding jurisdiction under CAFA upon concluding that a 5:1 ratio of punitive damages to compensatory damages was conceivable in a case brought under the Illinois Consumer Fraud and Deceptive Business Practices Act); *ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) (including attorney's fees for work performed prior to filing complaint in calculation).

25. Accordingly, a reasonable reading of Plaintiff's Complaint here readily reflects that CAFA's $5 million jurisdictional threshold is satisfied.

26. Therefore, Defendants have properly removed this class action from the Marion Superior Court to this Court because:

    a. Plaintiff is a citizen of a state different from Kapsch;

      b. the amount in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs; and

      c. the number of members in the putative class in the aggregate is at least 100.

28 U.S.C. § 1332(d).

### Removal Is Timely And Other Removal Requirements Are Met

27. Finally, Plaintiff served the Complaint on Gila's registered agent by certified mail on February 7, 2019, and on Kapsch's registered agent by certified mail on February 8, 2019. Thus, this Notice is filed timely within the 30-day period for removing under 28 U.S.C. §§ 1446(b)(1) and 1453(b).[3]

28. Venue is proper in this Court under 28 U.S.C. §§ 1441 and 1454 because this case was filed in the Marion Superior Court for the State of Indiana.

29. After filing this Notice, Defendants will promptly serve written notice of this Notice of Removal on Plaintiff's counsel and notify the Clerk of the Marion Superior Court, Indiana, in accordance with 28 U.S.C. § 1446(d).

30. Authentic copies of the state court record are attached to this Notice of Removal as **Exhibit 1**.

---

[3] Plaintiff's Complaint, on its face, arguably does not even trigger the thirty-day timeframe for removal. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) (the "30-day removal clock is triggered by defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable"); *Goatley v. Wal-Mart*, No. 117CV01321TWPMJD, 2017 WL 4545949, at *2 (S.D. Ind. Oct. 12, 2017) (the time period starts to run only when the basis for removal is clear based on documents provided by the plaintiff).

WHEREFORE, Defendants Gila, LLC and Kapsch Trafficcom USA, Inc. hereby give notice that the state court action, under Cause No. 49D13-1902-CT-004569, now pending in the Marion Superior Court for the State of Indiana, is removed to this Court for all further proceedings.

Date: March 11, 2019

By: /s/ Jonathan W. Garlough (with permission)
Jonathan W. Garlough, #30329-45
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Telephone: (312) 832-5702
Facsimile: (312) 832-4700
Email: jgarlough@foley.com

Attorneys for Defendant Gila, LLC

By: /s/ Darren A. Craig
Darren A. Craig, #25534-49
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone: (317) 237-3800
Facsimile: (317) 237-3900
Email: dcraig@fbtlaw.com

Attorneys for Defendant Kapsch Trafficcom USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, a copy of the foregoing document was served by electronic mail and by first-class United States Mail, postage prepaid and properly addressed to:

| | |
|---|---|
| Jacob R. Cox<br>COX LAW OFFICE<br>1606 North Delaware Street<br>Indianapolis, IN 46202<br>jcox@coxlaw.com<br><br>Attorneys for Plaintiff Melissa Barker | Jonathon B. Noyes<br>William E. Winingham<br>WILSON KEHOE WININGHAM LLC<br>2859 North Meridian Street<br>Indianapolis, IN 46204<br>jnoyes@wkw.com<br>winingham@wkw.com<br><br>Attorneys for Plaintiff Melissa Barker |
| Jonathan W. Garlough<br>Foley & Lardner LLP<br>321 North Clark Street, Suite 2800<br>Chicago, IL 60654-5313<br>jgarlough@foley.com<br><br>Attorneys for Defendant Gila, LLC | |

                                                /s/Darren A. Craig
                                                   Darren A. Craig

0134251.0717666   4825-5992-7946v1