49D13-1902-CT-004569
Marion Superior Court, Civil Division 13
Filed: 2/1/2019 3:36 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO: |

MELISSA BARKER, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

v.

KAPSCH TRAFFICCOM USA, INC., and GILA, LLC,

Defendants.

## CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Melissa Barker ("Barker"), by counsel, on behalf of herself and all others similarly situated, for her Complaint against Defendants, Kapsch Trafficcom USA, Inc. and GILA, LLC, alleges as follows:

## PARTIES, JURISDICTION

1. Plaintiff Melissa Barker is an individual who lives in Indiana. Plaintiff was invoiced by Defendants for use one of the Riverlink toll system bridges.

2. Defendant Kapsch TrafficCom USA, Inc. (herein "Kapsch") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Virginia.

3. Defendant Gila, LLC is a limited liability company organized and existing under the laws of the State of Texas and with its principal place of business in the State of Texas. Gila LLC also does business using the name "Municipal Services Bureau" or "MSB."

4. This Court has subject matter jurisdiction over this matter because Plaintiff is a resident of the State of Indiana who was injured in Indiana due to the unlawful actions of Defendants as set forth below.

5. This Court has personal jurisdiction over Defendants because Defendants do business in the State of Indiana including specifically via the business activities and conduct at issue in this Complaint.

6. This Court is a preferred venue for this matter because Defendants each maintain their registered agents in Marion County, Indiana.

**THE RIVERLINK TOLLING SYSTEM**

7. RiverLink is the Tolling System for the Louisville-Southern Indiana Ohio River Bridges Project, a collaborative effort between the States of Indiana and Kentucky to build, improve, and maintain multiple major bridges over the Ohio River that connect Kentucky and Southern Indiana (the "Toll Bridges"), including the new Abraham Lincoln Bridge in downtown Louisville (I-65), the revamping of the existing Kennedy Bridge in downtown Louisville (also I-65), a new East End Bridge connecting the extension of the Snyder Freeway (I-265) with Southern Indiana (state road 265) and the rebuilding of the I-65, I-64 and I-71 interchanges.

8. The RiverLink system uses all-electronic tolling, meaning no toll booths. The RiverLink system is operated and administered by a Toll Services Provider ("TSP").

9. Drivers and motorists with prepaid accounts and transponders are supposed to pay the lowest toll rates when using the RiverLink system. For these customers, sensors read the transponder and deduct the appropriate toll when the motorist crosses one of the Toll Bridges.

10. For drivers without prepaid RiverLink accounts, or with inadequate balances to pay the toll, cameras capture license plates and an invoice (the "1st Toll Notice") is then supposed to

be created and mailed to the registered vehicle owner as identified by the Indiana Bureau of Motor Vehicles ("IN BMV") and Kentucky Motor Vehicle Licensing ("KY MVL").

11. The 1st Toll Notice may not include any administrative fees or penalties, but may only provide notice of and invoice the motorist for the toll that is due for use of the Tolling Bridge.

12. If a motorist does not pay the toll within thirty (30) days after receipt of the 1st Toll Notice, the TSP is then authorized to send a "2nd Toll Notice" that includes both the unpaid toll(s) and the assessment of an additional $5.00 administrative fee/penalty.

13. If the 2nd Toll Notice is not then paid within thirty (30) days, the TSP is then authorized to send a "Violation Notice" that includes the unpaid toll(s), $5.00 administrative fee/penalty, and an additional $25.00 violation penalty/fee.

14. If the Violation Notice is not then paid within thirty (30) days, the TSP is then authorized to send a "Collection Notice" that includes the unpaid toll(s), $5.00 administrative fee/penalty, $25.00 violation penalty/fee, and an additional $30.00 collections penalty/fee.

15. If the Collection Notice is not paid, additional fees may then be assessed, collections efforts (including litigation) may be taken, and the TSP can also direct that a hold be placed on the motorist's vehicle registration with the IN BMV and/or KY MVL that will not be lifted until the toll and fees/penalties are paid.

**DEFENDANTS' CONDUCT AS TOLL SERVICES PROVIDER**

16. After considering various proposals submitted in response to a Request for Proposals, Defendant Kapsch TrafficCom USA, Inc. was awarded a contract to act as the Toll Services Provider ("TSP").

17. Kapsch then hired Defendant GILA, LLC to act as its agent and provide various services including image review, account and transponder management, payment processing,

invoicing and video billing, violation processing, and collection and court processing services, relating to RiverLink.

18. Together, Kapsch and GILA were responsible for and implemented the toll invoicing system for RiverLink.

19. Defendants began to assess and invoice tolls for motorists using the Toll Bridges beginning on December 30, 2016 and through the present date.

20. Plaintiff received a 2nd Toll Notice that was dated 08/19/2017 in relation to use of the Toll Bridges on June 29 and June 30, 2017, and that included an administrative fee of $5.00 that is expressly not allowed for a 1st Toll Notice by law and Defendants' contract with the States.

21. Thereafter, Plaintiff similarly received a 2nd Toll Notice that was dated 01/16/2018 in relation to use of the Toll Bridges on September 4 and November 26, 2017, and that included an administrative fee of $5.00 that is expressly not allowed for a 1st Toll Notice by law and Defendants' contract to act as the TSP.

22. In both of these instances, Plaintiff did not receive a 1st Toll Notice or otherwise any invoice or notice that a toll was due and owed for use of the Toll Bridges.

23. Instead, the 2nd Toll Notices received by Plaintiff were the first notices that a toll was due in relation to the specific uses of the Toll Bridges identified and invoiced in those 2nd Toll Notices.

24. Plaintiff was thus assessed a fee and/or penalty without any notice of a toll being due or opportunity to pay that toll within thirty days (of receipt of a 1st Toll Notice) in order to avoid assessment of a fee and/or penalty such as those assessed by Defendants in the 2nd Toll Notices sent to Plaintiff.

25. Upon information and belief, Defendants routinely did not send motorists 1st Toll Notices after they crossed the Toll Bridges. Instead, they inappropriately sent 2nd Toll Notices, Violation Notices, or Collection Notices, which imposed additional fees and/or penalties that were unlawful due to Defenants failure to provide a 1st Toll Notice that allowed drivers to pay the toll within thirty days and without imposition of any additional fees or penalties.

26. Upon information and belief, Defendants' failure to send 1st Toll Notices before 2nd Toll Notices, Violation Notices, and/or Collection Notices is widespread and affects a large portion of motorists using the RiverLink system.

27. Upon information and belief, Defendants' have inappropriately charged motorists penalties as part of a scheme with the intent to defraud and mislead, and/or have otherwise failed to cure their misconduct despite notice of the same and opportunity.

28. Plaintiff bring this action on behalf of herself and other similarly situated consumers to (i) reimburse them for the damages caused by Defendants' conduct, (ii) halt the dissemination of Defendants' false, misleading and deceptive invoicing system, (iii) correct false impressions and beliefs that have been created in the minds of consumers by Defendants relating to the toll payment process and notice requirements, and (iv) otherwise obtain redress for those who have been inaccurately or wrongfully assessed administrative penalties and fees without prior notice.

29. All conditions precedent to Plaintiff's claims and the claims of the Class have occurred, have been performed, or have been excused or waived.

**CLASS DEFINITION AND ALLEGATIONS**

30. Plaintiff bring this action on behalf of herself and members of a Class defined as:

> All individuals who were assessed, charged, invoiced, requested to pay, or did in fact pay an administrative fee or penalty, relating to tolls

> assessed to that individual for use of the RiverLink Toll Bridges, without first being provided notice of any unpaid toll via a 1st Toll Notice. Excluded from the Class are Defendant(s) and their officers, directors and employees.

31. ***Numerosity.*** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Upon information and belief, the proposed Class contains hundreds or even thousands of motorists who were wrongfully assessed administrative penalties and fees without notice and whom have been damaged by Defendants' conduct as alleged herein. Individual joinder of each such Class member would be impractical. The precise number of Class members is unknown to Plaintiff at this time.

32. ***Existence and Predominance of Common Questions of Law and Fact.*** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Defendants' representations discussed above are misleading, or objectively reasonably likely to deceive;

(b) whether Defendants' alleged conduct violates public policy;

(c) whether the alleged conduct constitutes violations of the laws asserted;

(e) whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(f) whether Plaintiff and Class members are entitled to other appropriate remedies, including injunctive relief.

33. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members were injured through the uniform misconduct described above and were subject to Defendants' wrongful assessment of administrative penalties and fees

without notice. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class. Plaintiff is representative of the Class and has standing to advance these claims because she was subject to and injured by Defendants' conduct in a manner such that she suffered damages that were proximately caused by Defendants' misrepresentations and unlawful acts.

34. ***Adequacy of Representation.*** Plaintiff wish to represent the Class because Plaintiff feel that she has been deceived and wrongfully assessed administrative penalties and fees without notice, wishes to obtain redress for the wrongs that have been done to Plaintiff, and also wish to ensure Defendant is not allowed to perpetrate similar wrongs on other consumers and motorists. Plaintiff will fairly and adequately protect the interests of the members of the Class and does not have interests that conflict with or are antagonistic to the interests of the Class member. Plaintiff has retained counsel experienced in complex consumer class action litigation and knowledgeable of applicable law to claims for the Class, and Plaintiff intends to prosecute this action vigorously.

35. ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant, including the necessity of extensive discovery and the likely need for and use of expert witnesses in relation to the issues raised in this litigation. It would be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system would be overwhelmed by such redundant litigation of the same factual issues set forth in this Complaint. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

36. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described, and requiring Defendants to provide full restitution to Plaintiff and all other Class members.

37. Unless a Class is certified, Defendants will retain monies received and/or have no obligation to remedy injuries caused as a result of its conduct and in relation to Plaintiff and Class members. Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived and wrongfully assessed administrative penalties and fees without notice.

38. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

**Count I: Unjust Enrichment**

39. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. A measurable benefit was conferred on Defendant by Plaintiff and members of the putative Class including those amounts paid for penalties and/or administrative fees assessed or invoiced to Plaintiff and members of the putative Class.

41. This benefit was conferred on Defendants at their own behest and was based on Defendants' representation that it had provided a 1st Toll Notice and/or other notices that went unpaid and authorized Defendants to assess additional fees and/or penalties.

42. It would be unjust for Defendants to retain this benefit because Defendants did not actually provide notice as represented and required to assess the additional fees and/or penalties.

43. Due to the unjust enrichment of Defendants, Plaintiffs are entitled to a judgment for damages in an amount equal to the value of the benefit conferred on Defendant, as will be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendant in favor of Plaintiffs and the putative Class members for all damages recoverable under the applicable law, for costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

**Count II: Money Had and Received**

44. Plaintiff incorporates by reference and realleges each and every allegation set forth in paragraphs 1 through 43 above as though fully set forth herein.

45. Defendants received money, either from Plaintiff and the putative Class members, in relation to 2nd Toll Notices and other toll notices to Plaintiffs and the putative Class members that were sent without sending a 1st Toll Notice and that contained fees and/or penalties may only be assessed after a 1st Toll Notice is received by a vehicle owner and then not paid within thirty days.

46. The circumstances are such that Defendants, in equity and good conscience, ought not to retain that money, as Defendants failed to provide notice that was required to allow opportunity for payment of any tolls owed without assessment of the additional fees or penalties that Defendants included in invoices such as the 2nd Toll Notice.

47. Further, Defendants misrepresented whether such 1st Toll Notice had been sent by identifying an invoice that purported to be the "2nd Toll Notice" and deceived Plaintiff and the other putative Class members as to whether they had been provided notice (when they had not).

48. The money provided to Defendants by Plaintiff and members of the putative Class was provided by mistake of fact, without consideration, and/or upon consideration that has failed, and accordingly belongs and should be returned to Plaintiff and the putative Class members.

WHEREFORE, Plaintiffs pray for judgment against Defendants in favor of Plaintiffs and the putative Class members for all damages recoverable under the applicable law, for costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

## Count III: Fraud

49. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 48 above as if fully set forth herein.

50. Plaintiff bring this claim individually and on behalf of the Class.

51. Defendant made numerous material representations of past or existing fact that were false, including statements regarding whether prior notice of tolls had been provided to Plaintiff and other Class members as set forth above in greater detail.

52. Defendant made these false material representations of past or existing fact with knowledge or reckless ignorance of their falsity.

53. Plaintiff and the Class members each relied upon the false material representations of fact by Defendant, and this reliance proximately caused injury to Plaintiff and the Class members in the amounts paid for administrative penalties and fees that were unjustified and wrongfully assessed.

54. Plaintiff and the Class members are entitled to damages in an amount to be determined at trial as compensation for the injuries they suffered.

WHEREFORE, Plaintiff pray for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential, exemplary, and/or statutory damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

**Count IV: Violation of Deceptive Consumer Sales Act**

55. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 54 above as if fully set forth herein.

56. Plaintiff bring this claim individually and on behalf of the Class.

57. As set forth in the Indiana Deceptive Consumer Sales Act, Indiana Code § 24-5-0.5-2, Plaintiff and the Class members are persons who engaged in consumer transactions with Defendant, suppliers.

58. Defendants' conduct, as described more fully above, constitutes a deceptive act.

59. Defendants' deceptive acts were willfully done by Defendants as part of a scheme, artifice, or device with intend to defraud and mislead Plaintiff and the Class members, and thus constitute incurable deceptive acts as set forth under Indiana law.

60. Plaintiff and the Class members have been damaged by Defendants' deceptive acts and are entitled to a judgment for these damages in an amount to be determined at trial.

61. Plaintiff and the Class members are further entitled to treble damages and attorneys' fees as set forth in Indiana Code § 24-5-0.5-4.

62. Further, it is believed that discovery in this litigation will reveal that consumers in other States than Indiana have had their consumer rights violated, as set forth in consumer protection laws in those other States, by Defendants' actions. To the extent that those other States' consumer protection laws require the same legal elements and issues as the Indiana Deceptive

Consumer Sales Act such that common questions of law exist amongst the Class, Plaintiff anticipate amending this Complaint to set forth claims under those Consumer Fraud Acts.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential, exemplary and/or statutory damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

**Count V: Deception or Intentional Misrepresentation**

63. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 62 above as if fully set forth herein.

64. Plaintiff bring this claim individually and on behalf of the Class.

65. Defendants knowingly or intentionally made false or misleading written statements to Plaintiff and the Class members regarding the notice provided in relation to tolls owed for use of the toll bridge, including specifically false statements that prior invoices and notice had been sent and that Defendants were authorized to assess penalties and/or administrative fees under applicable law.

66. Defendants made these false or misleading written statements with the intent to obtain property belonging to Plaintiff and the Class members including but not limited to the money identified as being owed in the invoices sent by Defendants.

67. Defendants further made these deceptive statements along with an assertion that Plaintiff and the Class members, if they did not pay the amounts invoiced, would be assessed additional fees or penalties.

68. Defendants' conduct constitutes deception and/or intentional misrepresentation.

69. As a direct and proximate result of Defendants' deception, Plaintiff and the Class members have sustained pecuniary loss in an amount to be proven at trial and are entitled to a judgment for those damages.

70. Pursuant to Indiana Code § 34-24-3-1, Plaintiff is also entitled to recover additional damages in an amount three times Plaintiff's actual pecuniary loss resulting from

Defendants' deception. Plaintiff is also entitled to recover reasonable attorney fees and expenses.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential, exemplary and/or statutory damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

**Count VI: Negligence (Including Negligence Per Se)**

71. Plaintiff incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 70 above as if fully set forth herein.

72. Plaintiff bring this claim individually and on behalf of the Class.

73. Defendants had a duty to use care when invoicing Plaintiff and other members of the putative Class in a manner that was accurate and in accordance with the notice and fee provisions required of Defendants by applicable law and Defendants' contracts.

74. Defendants breached these duties of care by negligently making false and misleading representations regarding whether a 1st Toll Notice had been sent prior to assessing an administrative penalty/fee and issuing a 2nd Toll Notice, without reasonable grounds for believing that the false and misleading representations were true.

75. Defendants made these statements for purposes of inducing Plaintiff and the Class Members to rely on the false and misleading statements and pay the wrongful administrative fee/penalty due to that reliance and for fear of additional penalties/fees and/or a hold being placed on their vehicle registrations.

76. Plaintiff and the Class members reviewed and then justifiably believed and relied upon Defendants' false and misleading statements, and in doing so suffered damages proximately caused by Defendants' breach of duty.

77. Defendants further committed negligence per se through violation of state statutes and regulations including those governing Defendants' ability to assess fees and/or penalties as a TSP for the Toll Bridges as well as Indiana's Deceptive Consumer Sales Act.

78. In relation to the Negligence Per Se, Plaintiff and the Class members have suffered damages proximately caused by violation of these statutes and regulations, are individuals in a class of persons that were meant to be protected by these various statutes and regulations, and the injuries Plaintiff and the Class members have suffered were of the type the statutes and regulations were meant to prevent.

79. Plaintiff and the Class members have suffered damages proximately caused by Defendants' negligence and breach of duty in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of Plaintiff and the Class members for actual, consequential and exemplary damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

**Count VII: Constructive Fraud**

80. Plaintiffs incorporates by reference and re-allege each and every allegation set forth in paragraphs 1 through 79 above as if fully set forth herein.

81. Plaintiffs bring this claim individually and on behalf of the Class.

82. Defendants owed Plaintiffs and the putative Class members a duty due to their relationship as the TSP for the Toll Bridges and as the sole party in control of information about, and the ability to confirm, whether and when toll notices had been sent to Plaintiff and the putative Class members.

83. Defendants violated that duty by making deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak existed, including specifically by failing to inform Plaintiff and the putative Class members that Defendants had not sent a 1st Toll Notice prior to sending later toll notices that included fees and/or penalties for failure to pay the

1st Toll Notice (as represented in the later toll notices despite the fact that the 1st Toll Notice had actually not been sent).

84. Plaintiff and the putative Class members relied on Defendants deceptive material misrepresentations of past or existing facts and/or silence when a duty to speak existed.

85. Plaintiff and the putative Class members suffered injury as a proximate result thereof.

86. Defendants gained an advantage at the expense of Plaintiff and the putative Class members, including but not limited to amounts invoiced and/or paid for fees and/or penalties arising out of the alleged failure to pay the 1st Toll Notice in a timely manner when the 1st Toll Notice had, in reality, actually never been sent to or received by Plaintiff and the putative Class members such that they had an opportunity to pay it in a timely manner and avoid additional fees and/or penalties.

87. Plaintiffs and the putative Class members are entitled to an award of damages, in an amount to be determined at trial, to compensate them for their injuries.

WHEREFORE, Plaintiffs pray for judgment against Defendant in favor of Plaintiff and the putative Class members for actual, consequential, exemplary and/or statutory damages, for attorneys fees and costs, for pre- and post-judgment interest, and for all other relief just and proper in the premises.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding damages to Plaintiff and the proposed Class members;

C. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D. Awarding injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E. Awarding statutory and punitive damages, as appropriate;

F. Ordering Defendant to engage in a corrective advertising campaign;

G. Awarding attorneys' fees and costs; and

H. Providing such further relief as may be just and proper.

Respectfully submitted,

COX LAW OFFICE

/s/ *Jacob R. Cox*__________________
Jacob R. Cox, Attorney No. 26321-49
**COX LAW OFFICE**
1606 N. Delaware Street
Indianapolis, Indiana 46202
T: 317.884.8550
F: 317.660.2453
jcox@coxlaw.com
*Attorney for Plaintiff*

WILSON KEHOE WININGHAM

/s/ *Jonathon B. Noyes*____________
Jon Noyes, Attorney No. 31444-49
William E. Winingham, Atty. No. 1309-49
**Wilson Kehoe Winingham LLC**
2859 N. Meridian Street
Indianapolis, Indiana 46204
T: 317.920.6400
F: 317.920.6405
jnoyes@wkw.com.com
winingham@wkw.com
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Come now the Plaintiffs, by counsel, and demand a trial by jury on all issues so triable.

/s/ *Jacob R. Cox*__________________
Jacob R. Cox

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, along with copies of the Appearance and Summons contemporaneously filed in this matter, has been served upon the following, via U.S. Mail, Certified, First Class, postage prepaid, this 4th day of February, 2019:

Kapsch Trafficcom USA, Inc.
c/o CT Corporation System (Registered Agent)
150 W. Market Street, Suite 800
Indianapolis, IN 46204

GILA, LLC
c/o Corporation Service Company
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

/s/ *Jacob R. Cox*___________________
Jacob R. Cox