UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00987-TWP-MJD |
| | ) |
| KAPSCH TRAFFICCOM USA, INC., | ) |
| GILA, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**

This matter involves Plaintiff's claims that Defendants have issued Second Notices of Toll or other subsequent Notices of Toll that include administrative fees and/or penalties without first providing the statutorily-required First Notice of Toll to drivers crossing the Riverlink Toll Bridges in Southern Indiana, and in so doing have charged and collected administrative fees and penalties that should not have been charged without first providing a First Notice of Toll that did not include such fees or penalties. This matter comes before the Court on Defendants' Motion to Stay Discovery. [Dkt. 36.] Defendants' motion requests the Court to stay discovery in this matter pending resolution of Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint. [Dkt. 39.]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy*

*Farms, LLC*, 2012 WL 3138108 at \*2 (N.D. Ind. Aug.1, 2012). The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2011 WL 2838178, at \*2 (S.D. Ill. July 15, 2011). "[The Court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana University Health Inc.*, 2015 WL 3961221 at \*1, (S.D. Ind. 2015) (internal citation omitted). "Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at \*3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at \*2 (N.D. Ill. Feb. 20, 2013). District courts have "extremely broad discretion" in weighing these factors and in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221 at \*1.

Filing a motion to dismiss does not automatically stay discovery, and the Court is not required to grant a motion to stay discovery pending a ruling on a motion to dismiss. *See, e.g.*, *New England Carpenters*, 2013 WL 690613, at \*3. Although such stays are sometimes granted, *id.*, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying discovery in this case. *Ind. State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961 (2009). Defendants have not carried this burden.

Defendants' motion to dismiss argues the Amended Complaint should be dismissed for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1), as well as for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. 39 at 1.] Defendants' motion cites to multiple affidavits with attached exhibits as evidence supporting their motion

under both Rules 12(b)(1) and 12(b)(6). [*See* Dkts. 39-1 through 39-11.] Pursuant to Fed. R. Civ. P. 12(d), presentation by Defendants of evidence outside the pleadings requires Defendants Rule 12(b)(6) motion to be treated as a Rule 56 motion for summary judgment, unless the evidence is excluded by the Court. While the submission of evidence in support of a Rule 12(b)(1) motion is not improper, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440 (7th Cir. 2009), it would be wholly inappropriate for the Court to allow Defendants to submit such evidence while denying Plaintiff the opportunity to conduct discovery in response thereto. *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, 494 F. Supp. 2d 401, 405 n.2 (M.D. La. 2007) ("The court notes that even if the jurisdictional inquiry was not intertwined with the merits, it is too early in the litigation to consider contested facts. Before resolving disputed issues of fact raised in a Rule 12(b)(1) motion, a court 'must give the plaintiff an opportunity for discovery and a hearing.' *See In re Arbitration Between Trans Chem. Ltd. And China Nat'l Machinery Import & Export Corp.,* 978 F.Supp. 266, 274–75 (S.D.Tex.1997); *see also Martin v. Morgan Drive Away,* 665 F.2d 598, 602 n. 1 (5th Cir.1982) (noting that dismissal under Rule 12(b)(1) is improper unless the court permits discovery and holds an evidentiary hearing).")

While limitation of discovery to the standing issue might have been appropriate if Defendants had limited their evidentiary submission thereto, such is not the case here. Rather, Defendants undertook to bolster their Rule 12(b)(6) motion with additional evidentiary submissions, thereby converting the motion to a motion for summary judgment in the event those evidentiary submissions are allowed. Consequently, it is the broad scope of Defendants' motion, and the reliance by Defendants on substantial evidence outside the pleadings, that requires the denial of Defendants' motion to stay.

In the alternative, Defendants request that class-wide merits discovery be bifurcated and

stayed pending a resolution of the motion to dismiss and motion to certify a class. While such is certainly not an uncommon approach, such is not the course the Court will follow here. First, the Court notes that Defendants obstructed the completion of an agreed Case Management Plan, and Defendants never fully complied with the Court's instruction to the parties to submit a joint proposed case management plan. [*See* Dkts. 12, 19, 20, 21, & 23.] Instead, despite the fact that discovery was not stayed by the filing of Defendants' motion to stay discovery (much like this matter is not dismissed pending a ruling on Defendants' motion to dismiss), Defendants elected to refuse to respond to Plaintiff's pending discovery, resulting in the filing of a motion to compel. [Dkt. 44.] Defendants refusal to cooperate in the conduct of any discovery in this matter, even plainly appropriate discovery relating to the motion to dismiss for lack of standing and the substantial evidence submitted in support of Defendants' Rule 12(b)(6) motion, leads the Court to anticipate a significant likelihood that Defendants would abuse any bifurcation of discovery to deny Plaintiff timely and appropriate discovery. The denial of Defendants' motion to stay discovery will ensure that discovery may proceed expeditiously and efficiently, without the incessant discovery disputes that have already arisen in this case.

Second, and perhaps most importantly, the Court needs to manage the litigation of this matter as efficiently as possible. In the 12-month period ending December 31, 2018, the weighted filings per judgeship in the Southern District of Indiana stood at 991, first in the Seventh Circuit, and second in the nation. *See* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/12/31-1.

The Court considered the delay sought by Defendants in entering the Case Management Plan in this case; that Plan has already extended the case schedule so that the matter will not be ready for trial until two years after this matter was filed. Bifurcation of discovery, in addition to

the likelihood it would further burden the Court with the need to address even more discovery disputes between the parties, would only serve to further delay this already delayed case. Such approach is neither efficient nor effective. The parties, and the Court if necessary, can address particular discovery burdens as needed on an item-by-item basis. A stay or bifurcation of discovery is too broad a remedy in the circumstances of this case.

District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously, *see, e.g.*, [James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005)](); *see also* [Fed. R. Civ. P. 1]() ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."), and the Court thus prefers to avoid any further delay in the resolution of this case. The balance weighs in favor of this matter proceeding as expeditiously as possible. Therefore, the Court will exercise its discretion to **DENY** Defendants' Motion to Stay Discovery. [[Dkt. 36]().]

SO ORDERED.

Dated: 18 JUN 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.