UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA BARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00987-TWP-MJD |
| | ) |
| KAPSCH TRAFFICCOM USA, INC., | ) |
| GILA, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery. [Dkt. 44.] The motion seeks an order compelling Defendant Gila, LLC ("Gila") to respond to Plaintiff's interrogatories and request for production. [*See* Dkts. 45-1 through 45-4.]

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). This burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v. Mitsubishi Motors, Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. August 2, 2006) (internal citations omitted). Moreover, in considering matters of proportionality, Rule 26(b) directs courts to consider

"the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Before proceeding to the merits of Plaintiff's motion, the Court must first address the Preliminary Statement and General Objections asserted by Gila in its responses. [Dkt. 45-3 at 1-4; Dkt. 45-4 at 1-4.] When a party raises objections to discovery requests, the objecting party bears the burden to explain **precisely** why its objections are proper given the broad construction of the federal discovery rules. *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997); *see also Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). Thus, general objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such. *See Novelty, Inc. v. Mountain View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered"); *Burkybile*, 2006 WL 2325506, at *9 (overruling boilerplate objections made generally and without elaboration).

Gila's "kitchen sink" Preliminary Statement and General Objections, and in fact, general objections by their very nature, make no attempt to articulate a basis specific to a request. As other Seventh Circuit district courts have noted, "[m]aking general objections is a dangerous practice, as the party who offers such general objections runs the risk of having them summarily denied." *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, at *2 (S.D. Ill. 2008). This is

precisely what the Court will do here.  Gila's Preliminary Statement and General Objections are **OVERRULED** in their entirety.

Further, when the objecting party raises nonspecific, boilerplate objections without clearly explaining how the request is objectionable, courts should overrule the objections in favor of broad discovery, pursuant to the federal rules.  *Novelty*, 265 F.R.D. at 375 (holding that boilerplate objections without explanation are deemed waived); *McGrath v. Everest Nat. Ins. Co.*, 625 F.Supp.2d 660, 671 (N.D. Ind. 2008) (staying the objecting party must specify why the discovery request is improper); *In re Aircrash*, 172 F.R.D. at 307 (noting that the federal discovery rules should be construed liberally and broadly).

While the pendency of Defendants' motion to stay discovery did not serve to actually stay discovery in this matter (just as Defendants' motion to dismiss does not effect the dismissal of this action pending a ruling on the motion), Gila primarily objected to Plaintiff's discovery requests on the basis of that pending motion to stay.  The motion to stay discovery has been denied.  Consequently, that objection has been resolved.

While Gila's responses attempt to assert substantive objections, the vast majority of those objections are baseless, unsupported boilerplate objections that have no merit.  While the Court could address and dispose of those objections in detail, it will refrain from so doing at this juncture.  Instead, the Court will exercise its discretion to **GRANT IN PART** and **DENY IN PART** Plaintiff's motion to compel.

As noted above, Gila's Preliminary Statement and General Objections are **OVERRULED** in their entirety.  Gila is hereby ordered to provide a substantive response to Plaintiff's discovery requests **within fourteen days of the date of this order**.  Gila's response should take into consideration the guidance provided herein and any objections that are maintained should be

specific, detailed, and supported by evidence as required.  It is the Court's hope that Gila will seriously undertake its discovery obligations, thereby obviating the need for the Court to further address this issue.

    SO ORDERED.

Dated: 18 JUN 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.